UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERLYNN LOUISE HAYNIE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16-CV-773 (CEJ) |
| PAUL BREDENKAMP, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff has not filed a response in response and the time for doing so has expired.

**I.   Background**

Plaintiff Sherlynn Louise Haynie is an employee of the United States Postal Service, working at a distribution center in Hazelwood, Missouri. On May 17, 2016, she filed an *ex parte* "Adult Abuse/Stalking" petition in the Circuit Court of St. Louis County, seeking an order of protection against her supervisor, defendant Paul Bredenkamp. On March 24, 2016, the Hazelwood Police Department responded to the distribution center after plaintiff reported that defendant threatened to fire her if she did not perform oral sex. See Witness Statements and Police Report, Docs. #5-1 through #5-4. In her *ex parte* action, plaintiff stated that she believed that she had seen defendant following her more than five times and in her neighborhood and that she feared reprisal. She requested an order restraining defendant from "committing or threatening to commit domestic violence, [or] molesting or disturbing [her] peace;" stalking her; or communicating with her in any manner.

Doc. #2 at 3. On June 1, 2016, defendant removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1) (authorizing federal officers to remove civil or criminal actions brought against them for any act under color of office).

## II.     Legal Standard

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The court is obligated to dismiss any action over which it does not have subject matter jurisdiction. A district court may have subject matter jurisdiction because of diversity of citizenship of the parties or because the claim arises under the Constitution or law of the United States. 28 U.S.C. §§ 1331, 1332.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id. The party seeking to establish federal jurisdiction bears the burden of proof. Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010).

## III.    Discussion

The Court first addresses the propriety of "federal officer" removal of this action. Four elements are required for removal under 28 U.S.C. § 1442(a)(1): "(1) a defendant has acted under the direction of a federal officer; (2) there was a

causal connection between the defendant's actions and the official authority; (3) the defendant has a colorable federal defense to the plaintiff's claims; and (4) the defendant is a 'person,' within the meaning of the statute." Jacks v. Meridian & Res. Co., LLC, 701 F.3d 1224, 1230 (8th Cir. 2012) (citation omitted). The Court finds that all four elements are satisfied with respect to plaintiff's allegations of workplace misconduct. See Cubb v. Denise Belton, No. 4:15-CV-676 JMB, 2015 WL 4079077, at *2 (E.D. Mo. July 6, 2015) (finding that postal employee's Adult Abuse/Stalking petition against his supervisor was properly removed under 28 U.S.C. § 1442(a)(1)). However, plaintiff also alleges that defendant stalked her outside the workplace, thus negating a causal element between his actions and official authority. Defendant attempts to cast doubt on plaintiff's allegations of stalking outside the workplace, noting that she failed to report this conduct during a workplace investigation that took place on May 2, 2016. However, plaintiff's petition was not filed until May 17, 2016, and the alleged conduct may well have occurred after the investigation. Accordingly, the Court finds that removal of the claims arising from conduct outside the workplace was not authorized under 28 U.S.C. § 1442(a)(1). Because there is no other basis for removal of these claims, they will be remanded.

With respect to plaintiff's claims of workplace conduct, defendant argues that plaintiff failed to exhaust available administrative remedies. Plaintiff seeks injunctive relief for wrongs arising out of her federal employment. Two statutes provide the exclusive means for pursuing such claims: Title VII of The Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7501, *et. seq.* Cubb, 2015 WL 4079077, at *3. Both statutes require a plaintiff

3

to pursue administrative remedies before filing suit in federal court. See Green v. Brennan, 136 S. Ct. 1769, 1774 (2016) (before filing suit under Title VII, federal employee must initiate contact with an Equal Employment Opportunity counselor at agency); Richards v. Kiernan, 461 F.3d 880, 883, 886 (7th Cir. 2006) (under CSRA's "comprehensive framework," federal employee challenging personnel actions must present claims to administrative body and may appeal only to the Federal Circuit). Plaintiff does not allege that she has pursued the required administrative remedies and thus her claims must be dismissed.

Defendant also argues that plaintiff's workplace claims are barred by the doctrine of sovereign immunity. The government of the United States enjoys sovereign immunity from suit unless it expressly waives such immunity. Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011). Individual defendants sued in their official capacity also receive sovereign immunity,[1] Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), unless Congress has waived immunity for the claims at issue. There are two possible sources of waiver: The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), and the Postal Reorganization Act of 1970 (PRA), 39 U.S.C. §§ 101, *et seq.* Hendy v. Bello, 555 F. App'x 224, 226 (4th Cir. 2014). The FTCA waives sovereign immunity for tortious acts of federal employees working in the scope of their federal employment, including post office employees. Id. (citing 28 U.S.C. § 1346(b)(1); 39 U.S.C. § 409(c)). However, the FTCA applies only to suits seeking money damages, and plaintiff here seeks injunctive relief. The PRA authorizes the Postal Service "to sue and be sued in its official name." Id.

---

[1]Plaintiff's form petition is silent with respect to the capacity in which she sues defendant and, thus, the Court must assume that plaintiff sues defendant in his official capacity. Remington v. Hoopes, 611 F. App'x 883, 885 (8th Cir. 2015).

4

(citing 39 U.S.C. § 401(1)). However, "sue and be sued" clauses are not absolute waivers of sovereign immunity. Id. (citing Loeffler v. Frank, 486 U.S. 549, 554–55 (1988)). As relevant here, such clauses do not waive sovereign immunity when "necessary to avoid grave interference with the performance of a governmental function." Id. Here, plaintiff seeks a state-law injunction that would prohibit a supervisor from coming to her federal workplace. "It is inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties and. . . disturb the federal agency's internal functions." Id. Plaintiff's claims are barred by sovereign immunity.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **remand** plaintiff's claims that defendant stalked her outside the workplace to the Circuit Court of St. Louis County from which they were removed.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #4] is **granted** with respect to plaintiff's claims that defendant engaged in abuse or stalking conduct in the workplace.

An order of partial dismissal will be separately entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2016.